FILED
COURT OF APPEALS
DIVISION II

2014 JUN 24 AM 9: 06

STATE OF WASHINGTON
BY_____
DEPUTY

**IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON**

**DIVISION II**

| | |
|---|---|
| STATE OF WASHINGTON, | No. 44608-1-II <br> (Consolidated With: Nos. 44629-4-II, and 44784-3-II) |
| Respondent, | |
| v. | UNPUBLISHED OPINION |
| ROBERT HEAGY, | |
| Appellant. | |

BJORGEN, A.C.J. — Robert Heagy appeals from the denial of his motion to vacate the persistent offender life sentence following his conviction for first degree child molestation, arguing that his sentence is facially invalid because it is based in part on a 1973 robbery conviction that had been later dismissed. He also filed personal restraint petitions contending that his other prior conviction had also been dismissed and asserting errors in his trial. The State concedes error on the first issue but argues that the personal restraint petitions are time-barred. We accept the State's concession, remand for resentencing without inclusion of the 1973 robbery conviction in Heagy's criminal history, and dismiss the remainder of the petitions as time-barred.[1]

In 2006, following his conviction for first degree child molestation, the trial court sentenced Heagy to life imprisonment without parole, finding that he had two prior convictions that made him a persistent offender: a 1973 conviction for robbery and a 1984 conviction for indecent liberties. In 2012, Heagy filed a motion to vacate his conviction on the grounds that his

---

[1] A commissioner of this court initially considered Heagy's appeal as a motion on the merits under RAP 18.14 and then transferred it to a panel of judges.

1973 robbery conviction had been vacated in 1978. The trial court denied his motion.

Heagy renews his argument on appeal, showing that the Spokane County Superior Court entered an order of dismissal on December 12, 1978, which dismissed his 1973 robbery conviction. Thus, under *State v. Carrier,* 173 Wn.2d 791, 813-18, 272 P.3d 209 (2012), he contends that the inclusion of that dismissed conviction in his criminal history makes his judgment and sentence facially invalid. The State concedes that *Carrier* applies and that Heagy is entitled to be resentenced without the dismissed conviction being included in his criminal history. We accept the State's concession and remand for resentencing.

Heagy filed a personal restraint petition, which we opened under cause number 44629-4-II and consolidated with his appeal. In that petition, he raises a number of issues regarding his trial. But because he filed his petition on March 11, 2013, more than one year from the date his 2006 judgment and sentence was final, July 15, 2008 (the date we issued the mandate of his appeal), and because he does not show that any of the exceptions to the one-year time bar contained in RCW 10.73.100 exists, his petition is time-barred under RCW 10.73.090.

Heagy also filed a motion for relief in the trial court on April 22, 2013. The trial court transferred that motion to us to be considered as a personal restraint petition. We opened the petition under cause number 44784-3-II and consolidated it with his appeal. In that petition, along with arguing that his 1973 robbery conviction should not be included in his criminal history because it had been dismissed, he argued that his 1984 indecent liberties conviction had been dismissed by our court in 2008. But the dismissal order to which he refers is a Division Three order dismissing a personal restraint petition that he filed attacking his 1984 indecent liberties conviction. That order did not dismiss his conviction and Heagy does not present any

2

No. 44608-1-II
(Cons. w/ Nos. 44629-4-II and 44784-3-II)

other evidence that his 1984 conviction has been dismissed. Therefore, the inclusion of his 1984 conviction in his judgment and sentence does not make the judgment and sentence facially invalid, and as a result, this petition is time-barred as well.

We remand for resentencing without inclusion of the 1973 robbery conviction in Heagy's criminal history. In all other respects, we dismiss Heagy's petitions as time-barred.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

BJORGEN, A.C.J.

We concur:

WORSWICK, J.

LEE, J.

3